**E-FILED**
Wednesday, 12 December, 2007  01:33:33 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MYRON SIMMONS,
  Plaintiff,

    vs.                  No. 07-1310

KENT CRUTCHER, et al.,
  Defendants.

ORDER

    This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

    The plaintiff, Myron Simmons, filed his complaint pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated. The plaintiff has named seven defendants including Public Defender Terry Dobbs, Normal City Chief of Police Kent Crutcher, Bloomington City Chief of Police Roger Aikin, McLean County States Attorney Bill Yoder, an unknown Bloomington Officer, an unknown Normal Officer and an unknown McLean County Assistant States Attorney.

    The plaintiff's claims revolve around an apparent criminal charge in McLean County, Illinois. The court takes judicial notice of the fact that the plaintiff is currently in the Dixon Correctional Center and Illinois Department of Corrections records indicate that he was found guilty of Criminal Drug Conspiracy in McLean County, Illinois.

    The plaintiff says an unknown Normal Police Officer stopped the plaintiff without probable cause. An unknown Bloomington Police Officer gave false testimony to the Grand Jury and the States Attorney or an Assistant States Attorney allowed the false testimony. Public Defender Dobbs failed to interview witnesses, review discovery, investigate his case or present crucial evidence in his criminal trial. The plaintiff is asking for damages.

    The plaintiff has failed to state a claim upon which relief can be granted against any of the defendants. First, the plaintiff's claims against the defendants are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck,* the Supreme Court held that a suit that seeks to overturn a state sentence, or seeks a result that would invalidate a state sentence, requires the plaintiff to prove that the sentence has been declared invalid by a state tribunal authorized to make such a declaration. The plaintiff does not claim that his conviction has been overturned.

In addition, the court would have to find that the plaintiff's conviction was invalid in order for the court to determine that the actions of the defendants were unlawful.  Therefore the plaintiff's claims against all defendants are barred by *Heck*.

Second,  prosecutors such as States Attorney Yoder and the unknown Assistant States Attorney enjoy absolute immunity from suits for actions taken in the course of presenting their case. *Imbler v. Pachtman*, 424 U.S. 409, 427-28(1979) (holding prosecutors have absolute immunity for activities that are "intimately associated " with the judicial process); *Buckley v. Fitzsimmons*, 20 F.3d 789, 795 (7th Cir. 1994)(prosecutors absolutely immune for actions as advocates even if they "present unreliable or wholly fictitious proofs"). *See also Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986) (absolute immunity shields prosecutor "even if he initiates charges maliciously, unreasonably, without probably cause, or even on the basis of false testimony or evidence.")

Third, while public defenders such as Defendant Dobbs are not entitled to absolute immunity, a public defender does not act under color of state law when performing the traditional  functions of counsel. *Polk County v. Dodson*, 454 U.S. 312, 317 n.4 (1981). Therefore, the federal court does not have jurisdiction over plaintiff' claims against this defendant.

Finally, the plaintiff cannot sue a defendant such as the Police Chiefs or the States Attorney simply because they are supervisors.  Defendants cannot be held liable under 42 USC §1983 unless the Plaintiff can demonstrate that the Defendant's caused or participated in the alleged constitutional violation. *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982).  For a supervisor to be held liable under 42 U.S.C. § 1983, he "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. . . ." *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)

**IT IS THEREFORE ORDERED:**

1) **The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A.   All pending motions are denied as moot [d/e 2], and this case is closed, with the parties to bear their own costs;**

2) **This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g).  The clerk of the court is directed to record the plaintiff's strike in the three-strike log;**

3) **The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed.  The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust**

fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.

4)    The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.

5)    The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.

6)    If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Entered this 12th  day of December, 2007.


**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE

3